2021 IL App (1st) 191694-U

No. 1-19-1694

Order filed April 9, 2021

SIXTH DIVISION

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 18 CR 14752 |
| | ) | |
| LAVETTA MCCONNELL, | ) | Honorable |
| | ) | Timothy J. Joyce, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Presiding Justice Mikva and Justice Connors concurred in the judgment.

**ORDER**

¶ 1     *Held*:  Defendant's conviction for aggravated driving under the influence is affirmed over her argument that the evidence was insufficient to prove she was under the influence of alcohol.

¶ 2     Following a bench trial, defendant Lavetta McConnell was found guilty of aggravated driving under the influence (aggravated DUI) (625 ILCS 5/11-501(a)(2), (d)(1)(g) (West 2018)), and driving on a revoked or suspended license (625 ILCS 5/6-303(a) (West Supp. 2017)) and

sentenced to concurrent 18-month prison terms for each offense. She appeals, arguing that the State's evidence was insufficient to demonstrate she drove under the influence of alcohol. We affirm.

¶ 3    Defendant was charged by information with two counts of aggravated DUI predicated on consumption of alcohol (counts I and II) and driving on a revoked or suspended license (count III) following an incident on September 7, 2018. Prior to trial, the State nol-prossed count II.

¶ 4    At trial, Chicago police officer Segovia[1] testified that on September 7, 2018, at approximately 1:37 p.m., he was in a marked vehicle on the 1200 block of South Damen Avenue in Chicago when he noticed four to five vehicles stopped ahead of him. He drove to the front of the traffic jam and observed a female driver alone in a running vehicle, which was "stopped in the middle of traffic." Segovia identified defendant in court as the driver. Her head moved forward and snapped back, and she "appeared incoherent."

¶ 5    Segovia attempted to speak to defendant, but she was nonresponsive, so he exited his vehicle and approached her. As he did so, he observed an open container of alcohol, a Bud Light Margarita, in the center console cup holder. Defendant's vehicle was still running at this point. Segovia again attempted to speak to defendant, who started to move the vehicle. He told her to stop, and she obeyed. Segovia believed defendant might be impaired after seeing the alcohol, and removed defendant's keys from the ignition. He examined the alcohol container, which was "almost full."

¶ 6    Segovia positioned his vehicle immediately behind defendant's, activated his body camera, and returned on foot to the driver's side of defendant's vehicle. Defendant again could not respond

_____

[1] Officer Segovia's first name does not appear in the report of proceedings.

to questions. She had "droopy" and "watery" eyes, "constricted" pupils, and "slurred" speech. Based on her constricted eyes, Segovia believed defendant could have "been on some type of narcotic," and called an ambulance. When it arrived, Segovia and the paramedics helped defendant exit her vehicle and placed her on a gurney. During the traffic stop, Segovia could not administer field sobriety tests or a breathalyzer because defendant was incoherent.

¶ 7    The State published Segovia's body camera footage to the court. The footage, included in the record on appeal, depicts Segovia approach defendant's vehicle from the passenger side and remove her keys from the ignition. The alcohol can is visible in the cup holder. He returns to his vehicle, then approaches the driver's side and attempts to speak with defendant. She is unable to respond to any questions and repeats "what's wrong?" and "what's going on?" Other police officers and paramedics arrive and help Segovia place defendant on a gurney. Defendant remains nonresponsive to questions throughout the incident.

¶ 8    On cross-examination, Segovia testified that he did not smell alcohol on defendant's breath, and that in his experience, constricted pupils result from drug use.

¶ 9    The State entered a stipulation that defendant's certified driving abstract would show that her license was revoked "for a DUI" as of September 7, 2018.

¶ 10   The State rested, and defense counsel moved for a directed verdict, arguing that the evidence did not prove defendant guilty of the charged statutory section (625 ILCS 5/11-501(a)(2) (West 2018)), because it did not establish that she drove under the influence of alcohol. Instead, defense counsel argued, the evidence showed defendant was "under the influence of some sort of drugs." Counsel emphasized Segovia's testimony that he did not smell alcohol on defendant's

breath and that her pupils were constricted. The court denied the motion without argument from the State, and the defense rested.

¶ 11 During closing arguments, the prosecutor argued that while there were "drugs in play" in this situation, there was also an open container of alcohol in defendant's vehicle, which would not "emit the typical smell of alcohol," and, when "you combine drugs with any form of alcohol, it's going to get worse." Defense counsel reiterated his argument from the directed verdict motion, and contended that besides the open container, no other evidence suggested defendant was under the influence of alcohol.

¶ 12 The court found defendant guilty of both counts, stating it "listened carefully" to the evidence and "believe[d]" Segovia.

¶ 13 At a later proceeding, the court heard argument on defendant's motion for a new trial, during which defense counsel referenced *People v. Jacquith*, 129 Ill. App. 3d 107 (1984), for the proposition that defendant should have been charged under a different statutory section.

¶ 14 The court denied the motion, stating that *Jacquith* provided that a defendant can be found guilty of DUI under the statutory section at issue here on a police officer's testimony alone. The court believed that while defendant may have been under the influence of both drugs and alcohol, it was "the presence of an open alcohol container" that was not full that was important, not the amount of alcohol defendant consumed, as it showed defendant "utilized" some amount of alcohol. Thus, whether defendant's intoxication was "exacerbated or heightened" by a drug was inconsequential because the evidence showed she was driving under the influence of alcohol.

¶ 15 Following a hearing, the court sentenced defendant to two concurrent 18-month prison terms and denied her motion to reconsider sentence.

¶ 16    On appeal, defendant argues that the evidence was insufficient to establish that she was under the influence of alcohol during the incident.

¶ 17    On sufficiency of the evidence review, the reviewing court construes all the evidence in the light most favorable to the State and determines whether a rational factfinder could have found the defendant guilty beyond a reasonable doubt. *People v. Hardman*, 2017 IL 121453, ¶ 37. The reviewing court will not substitute its judgment for that of the factfinder respecting the weight of the evidence or the credibility of witnesses. *Id.* All reasonable inferences are drawn in favor of the State. *People v. Gonzalez*, 239 Ill. 2d 471, 478 (2011). A finding of guilt should not be reversed unless the evidence "is so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of the defendant's guilt." *People v. Newton*, 2018 IL 122958, ¶ 24.

¶ 18    Defendant was charged with aggravated DUI under section 11-501(a)(2) of the Illinois Vehicle Code (625 ILCS 5/11-501(a)(2) (West 2018)), which required the State to prove that she drove or was in actual physical control of a vehicle while under the influence of alcohol. Defendant specifically challenges whether she was under the influence of alcohol. To prove this element, the State must show that as a result of consuming any amount of alcohol, a person's faculties were so impaired that it diminished his ability to act or think with ordinary care. *People v. Gordon*, 378 Ill. App. 3d 626, 631 (2007). Whether the defendant drove under the influence of alcohol is an issue of fact. *People v. Morris*, 2014 IL App (1st) 130512, ¶ 20. The testimony of a qualified police officer alone can suffice to make this showing. *Jacquith*, 129 Ill. App. 3d at 113.

¶ 19    At trial, Segovia testified that he drove up to defendant's vehicle while it was stopped at the head of a traffic jam. Defendant appeared incoherent, her head moved back and forth, and she did not respond to his questions. An open container of alcohol, almost full, was in her vehicle.

Segovia did not smell alcohol on defendant's breath, but she had slurred speech, glassy and watery eyes with constricted pupils, and could not respond coherently to his questions. He called an ambulance, and he and the paramedics assisted defendant onto a gurney. Due to her incoherent state, Segovia could not conduct field sobriety tests or administer a breathalyzer test. The State offered no additional evidence regarding potential causes of defendant's impaired condition or alcohol consumption.

¶ 20    Both parties argued that drug use likely accounted for the severity of defendant's impairment. Defense counsel contended that this fact demonstrated the State charged her under the wrong section of the DUI statute, while the State maintained that it was a reasonable inference that alcohol contributed to defendant's impairment in light of the open container not being full. The trial court agreed with the State, and later, in denying defendant's motion for a new trial, explained that the degree to which potential drug use "exacerbated" defendant's condition and the amount of alcohol she consumed was irrelevant because the evidence showed defendant "utilized" alcohol in some way.

¶ 21    On this record, we find that a rational factfinder could have found that defendant drove while under the influence of alcohol. Segovia found defendant alone in a vehicle, sitting close to an open container of alcohol that was not full. The logical inference from this evidence is that defendant consumed alcohol. Defendant was also in a severely impaired condition. The degree to which the alcohol caused her condition is unclear, but on sufficiency of the evidence review, we must construe the evidence in the light most favorable to the State and make all reasonable inferences in favor of the State. Here, a rational factfinder could infer that defendant drove under

the influence of alcohol from the evidence that she drove the vehicle while in an impaired condition, and had consumed some amount of alcohol.

¶ 22    Defendant argues that no rational factfinder could find alcohol was the only cause of her impairment, and thus the State was required to prove what the other contributing factor or factors were so as to demonstrate that the alcohol had some exacerbating effect in combination therewith. We disagree. Whether defendant could have exercised ordinary care without the alcohol is not an element the State had to prove. Instead, the State's burden was to prove that defendant's impaired condition resulted from drinking any amount of alcohol. The court ruled that it did, and this is an issue of fact on which we must defer to the factfinder. *Morris*, 2014 IL App (1st) 130512, ¶ 20. Additionally, we note that scientific evidence of intoxication is not required to show that a defendant is under the influence of alcohol, and any amount of alcohol can satisfy the statute, meaning the absence of blood or breathalyzer test results did not limit the trial court's ability to find defendant guilty. See *Gordon*, 378 Ill. App. 3d at 632. Consequently, a rational factfinder could still infer that whatever amount of alcohol defendant consumed combined with other factors to result in the specific impaired condition in which Segovia found defendant.

¶ 23    Defendant also cites *Jacquith* for the proposition that the State must charge a defendant under the correct statutory section. In *Jacquith*, under the charged section, the State had to prove beyond a reasonable doubt that the defendant was under the influence of both alcohol and drugs. See *Jacquith*, 129 Ill. App. 3d at 112-13. The court found that the police officers' testimony could have sufficed to establish alcohol use, but not both alcohol and drugs, and therefore the evidence was insufficient. *Id.* at 114-15. While this fact caused the State's evidence to fall short in *Jacquith*, the same does not apply here; defendant was not charged with driving under the influence of drugs,

either on their own or combined with another substance, and thus the State was not required to prove anything about defendant's alleged drug use. The issue for the trial court was whether the evidence showed defendant was under the influence of alcohol, and whether other statutory sections could have applied to the case is irrelevant to that consideration.

¶ 24    Finally, we note that defendant cites materials respecting alcohol's effects on the eyes, and other potential causes of her condition apart from alcohol use. These materials were not part of the record at trial, and therefore we may not consider them on appeal. See *People v. Moore*, 2015 IL App (1st) 140051, ¶ 20.

¶ 25    For the foregoing reasons, the court's finding of guilt is affirmed.

¶ 26    Affirmed.